```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION


KATHERINE EALY                                          PLAINTIFF


VS.                              CIVIL ACTION NO. 3:13CV409TSL-JCG


CAROLYN W. COLVIN, ACTING COMMISSIONER                  DEFENDANT
OF SOCIAL SECURITY
```

ORDER

This cause is before the court on the objections of plaintiff Katherine Ealy to the report and recommendation of United States Magistrate Judge John M. Roper entered on June 30, 2014, recommending that the plaintiff's motion for summary judgment be denied and the government's motion to affirm the decision of the Commissioner be granted. Based on the following, the court, having fully reviewed the report and recommendation and being duly advised in the premise, now finds that the report and recommendation should be adopted over the objections of the plaintiff as the opinion of the court.

Plaintiff makes three primary objections to the report and recommendation: (1) the ALJ, in arriving at plaintiff's residual functional capacity (RFC), failed to incorporate the moderate limitation of plaintiff's concentration, persistence and/or pace, which he had previously found, such that the hypothetical posed to the vocational expert (VE) was incomplete and the opinions of the

VE in response thereto do not amount to substantial evidence supporting the conclusion that plaintiff is not disabled; (2) the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT); and (3) the ALJ failed to give adequate justification for disregarding the opinion of a nurse practitioner regarding plaintiff's mental ailments.

Regarding the first and third alleged errors, the magistrate judge concluded that the ALJ's hypothetical "fairly and reasonably" incorporated plaintiff's moderate limitation in concentration, persistence and/or pace into the RFC and into the hypothetical posed to the VE and that the ALJ was justified in discounting the opinions of the nurse practitioners because they conflicted with the "objective medical evidence" as determined by the physician who undertook a consultative examination of plaintiff.  The magistrate judge did not purport to address in any detail plaintiff's contention regarding the alleged conflict between the DOT and the VE's testimony, but instead, concluded that because two of the jobs identified by the VE at Stage 5 were unskilled work requiring only simple instructions, as defined by SSR 96-9p, plaintiff had not been harmed.

At step two in the five-step sequential process, the ALJ found that plaintiff had the following "severe" impairments: "status post fracture to the right tibia and ankle, status post

2

fracture to the hips, possible osteoarthritis affecting the hip, obesity, a depressive disorder and an anxiety disorder." Later in his analysis, the ALJ further observed the effects of the depressive and/or anxiety disorders, stating "the claimant exhibits only a mild restriction in the ability to perform the activities of daily living, no more than moderate restriction in her ability to maintain social functioning, no more than moderate ability to maintain concentration, and no episodes of decompensation lasting for an extended period." This assessment was based on plaintiff's testimony that

> she can prepare a microwave dinner for herself, vacuum, and grocery shops once a month. She testified that she can see to personal grooming tasks (showering and dressing). The claimant related to Dr. Tatum that she can do many household chores, including sweeping, mopping, vacuuming, cooking, doing the dishes and shopping (1F). In the Function Report (at Exhibit 3E) the claimant related that she gets her two sons up each morning and off to school. She related that she cooks complete meals three days a week, runs errands, pays her bills, grocery shops, watches TV, reads, listens to music, and attends church services. The claimant also testified that she enjoys working crossword puzzles.

The ALJ thereafter determined that plaintiff retained[1] the RFC "to perform light level work activity except with no climbing of ladders, ropes or scaffolds, occasional climbing of ramps or

---

[1] The magistrate judge concluded that while the ALJ erroneously found that the plaintiff could return to her past work, this error was harmless in light of the alternative step-5 findings.

3

stairs, and she is limited to the performance of simple, routine and repetitive tasks with only occasional interaction with the public, co-workers or supervisors." At plaintiff's hearing, the ALJ's hypothetical to the VE mirrored this RFC.

By her objection, plaintiff maintains that this RFC and the hypothetical posed to the VE based on this RFC does not adequately incorporate the ALJ's finding of moderate limitation in concentration, persistence and/or pace. More specifically, as the court understands it, plaintiff's position is that because the ALJ had previously concluded that plaintiff had a moderate limitation in persistence, pace and/or concentration and could have, but did not, purport to specify in his hypothetical to the VE that this limitation was applicable to tasks of greater complexity than "simple," the ALJ's hypothetical failed to account for this limitation in the performance of even simple tasks. From this, plaintiff reasons that the mental RFC and resulting hypothetical are incomplete and consequently, the ALJ's Step 5 finding is not supported by substantial evidence. The magistrate judge disagreed. Citing Bordelon v. Astrue, 281 Fed. Appx. 418 (5th Cir. 2008) for the proposition that every single limitation, such as difficulty in concentration, pace and/or persistence, need not be

4

explicitly named in the hypothetical, but rather need only be reasonably incorporated, he concluded that the ALJ's hypothetical limiting plaintiff to "simple, routine, and repetitive tasks with occasional interaction with the public, with coworkers, and with supervisors," reasonably reflected the difficulties that plaintiff endured.  The court finds that the magistrate judge's conclusion is consistent with the Fifth Circuit's reasoning in Bordelon and thus, does not warrant reversal or remand.  See Bordelon,, 281 F. App'x at 423 (finding restriction to rare public interaction, low stress and one-to-two step instructions reflects that ALJ has reasonably incorporated plaintiff's moderate concentration, persistence and pace limitations); see also Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) ("Based on this record, the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive tasks adequately captures [claimant's] deficiencies in concentration, persistence or pace.").  But see Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180 (11th Cir. 2011) (rejecting proposition that "an ALJ generally accounts for a claimant's limitation in concentration, persistence, and pace by restricting the hypothetical question to simple, routine task or unskilled work"); and Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004) (concluding that claimant's

5

impairment in concentration, persistence or pace was not accommodated by limitation to simple tasks in the hypothetical to the vocational expert because it did not account for deficiencies in pace).

    Plaintiff additionally argues that the ALJ failed to resolve a conflict between the DOT and the VE's testimony.  In his decision, the ALJ, relying on the VE's testimony found that given her RFC, plaintiff could return to her past work or, alternatively, that she could perform three jobs that exist in significant numbers in the national economy: (1) laundry worker, light with specific vocation preparation (SVP)[2] of 2; (2) marker, light with SVP of 2; and (3) clock watch assembler, light with SVP of 2.[3]  While plaintiff acknowledges that two of the three jobs identified by the VE had a SVP of 2, she nonetheless complains that the ALJ failed to resolve a conflict between VE's testimony

---

    [2]    According to the DOT, "SVP, or Specific Vocational Preparation, refers to the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a particular occupation." Dictionary of Occupational Titles ("DOT"), App. C (rev. 4th ed. 1991).

    [3]    Plaintiff argued below (and the magistrate judge agreed) that the ALJ was in error regarding the SVP of the position of clock watch assembler.  Per the DOT, it has a SVP of 7, not 2 as found by the ALJ.

and the DOT as to the Reasoning Level[4] requirements for these positions and her former position as a poultry dressing worker. Specifically, she points out that while the DOT assigns "poultry dressing worker" a Reasoning Level of 1, it assigns a Reasoning Level of 2 to the positions of "laundry worker" and "marker." Plaintiff maintains that the positions identified by the VE require reasoning development in excess of that allowed by the ALJ's limitation to simple, routine and repetitive tasks. Plaintiff further reasons that, in light of the conflict between the VE's testimony and the DOT together with the lack of an explanation by the ALJ as to why he credited the opinion of the VE over the DOT, the Secretary failed to sustain his burden at Step 5.  While the magistrate judge did not specifically address this

---

[4] The DOT also identifies the General Educational Development (GED) component of a job definition, which "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." Id. The GED scale is composed of three divisions:  Reasoning Development, Mathematical Development, and Language Development. The Reasoning Development Scale ranges from Level 1, which reflects the simplest type of reasoning, to Level 6, the most complex.  In performing a job which implicated Level 1 reasoning, a worker would "[a]pply commonsense understanding to carry out simple one-or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id.  In a Level 2 position the worker would be required to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Id.

argument in the report and recommendation, the court now concludes that it does not warrant relief.

The court initially observes that plaintiff's failure to raise the issue of the alleged conflict at the administrative hearing deprived the ALJ from addressing and exploring it. See Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000). Further, even had defendant not waived this argument, the court concludes that plaintiff has failed to establish an actual conflict. See Smith v. Colvin, No. 313-cv-1884-N-BN, 2014 WL 1407437 (N.D. Tex. March 24, 2014) ("A number of district courts within the Fifth Circuit, as well as appellate and district courts outside the Fifth Circuit, have already determined that there is no direct or apparent conflict between an RFC limiting a plaintiff to 'simple' instructions and a VE's testimony that a plaintiff may perform work at a reasoning level of two. The weight of the authority supports a determination that a limitation to 'simple, repetitive, and routine tasks' could support work with a reasoning level of two or three.") (citing Coleman v. Colvin, No. 3:12-cv-1145-BN, 2013 WL 5353416, at *4 (N.D. Tex. Sept.25, 2013); Johnson v. Astrue, No. 11-3030, 2012 WL 5472418, at *11 (E.D. La. Oct. 5, 2012) (collecting cases and determining that Plaintiff, limited to

"simple, repetitive and routine tasks" could perform work with a reasoning level of three); Melton v. Astrue, No. 2:11-cv-157-SAA, 2012 WL 1004786, at *2-*3 (N.D. Miss. Mar. 26, 2012) (no conflict in VE testimony that plaintiff, who was limited to "simple, routine, repetitive tasks involving simple work related decisions," could perform work with a reasoning level of two); Fletcher v. Astrue, No. 5:09-cv-70-BG, 2010 WL 1644877, at *4 (N.D. Tex. Mar.31, 2010) ("Courts have acknowledged that the ability to perform non-complex work is consistent with reasoning level two"); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.2005) (noting that level two reasoning appears consistent with a limitation to simple, routine, repetitive work)). Accordingly, this alleged ground of error provides no basis for reversal or remand.

   Finally, plaintiff's third objection is that the ALJ failed to give due consideration to the medical opinion evidence pursuant to SSR 06-3p. More specifically, plaintiff complains that the ALJ did not adequately justify his decision to disregard the opinion of E. Flake, a nurse at Weems who saw plaintiff on 16 occasions and who provided an assessment indicating that plaintiff was experiencing serious psychological limitations. The magistrate

9

judge determined that "it was not within the Court's standard of review to second-guess or re-priortize the deference given by the ALJ to various sources." While plaintiff gives assent to this proposition, she submits that this court's consideration of whether the RFC is supported by substantial evidence, necessarily entails consideration of whether the ALJ, in accordance with SSR-06-3p, properly accounted for the opinion of plaintiff's long-standing mental health provider. The court finds that the ALJ did not run afoul of his obligation under SSR-06-3p.

SSR-06-03p sets forth the Commissioner's obligations with regard to evaluating "other sources," such as nurses or nurse practitioners. While the ruling recognizes that "it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source...." SSR 06–3p, 2006 WL 2329939, *5, ultimately SSR 06-3p requires only that the ALJ "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning...." Id. at *6. The ALJ's explanation of his decision to discount Flake's opinion, which follows, is more than adequate:

As noted, the claimant also complains of anxiety and depression. She has made these complaints to nurse Flake, who sees her at Weems Community Mental Health Center, and nurse Flake has, as noted above, provided an assessment (by way of completing a questionnaire) indicating that the claimant is experiencing serious psychological related limitations. However, this assessment from a nurse cannot be given significant weight because it is not consistent with other important evidence in the case—specifically the aforementioned treatment notes from the Morton Family Center from January and February 2012 (Exhibit 12F). These notes indicate that the claimant is not experiencing or even complaining of serious psychological problems. Notes dated January 25, 2012 indicate that the claimant, while saying that she was experiencing some anxiety, denied any difficulty with depression. She also denied any problems regarding confusion or memory deficits. These notes indicate that on mental status exam the claimant's memory was normal. The assessment was depression, controlled. In the treatment notes dated February 17, 2012[,] the claimant denied any difficulty sleeping, said that she was not having mood swings, was not feeling depressed or anxious, and was not experiencing any memory loss (Id). Notes dated February 28, 2012 indicate that the claimant was not feeling anxious or depressed and was not experiencing memory loss. Once more, findings of mental status exam were normal, including a listing that memory function was normal. The Judge is struck by the contradiction of what the claimant reported to this medical source as opposed to what she reported to nurse Flake. Even more difficult to reconcile is the claimant's testimony that she is experiencing severe memory deficits wherein she cannot remember where she places her keys or purse with such deficits occurring, per claimant's testimony, "all day long." . . . . Again, the evidence show that the claimant is exaggerating the effect her psychological impairments have on her ability to function. Because the evidence from the Morton Family Medical Center as well as claimant's own prior statements show that she exaggerates her psychological related difficulties, the assessment from nurse Flake, who based her opinion on the claimant's exaggerated complaints made to her, cannot be given significant weight.

This objection is without merit.

Based on the foregoing, it is ordered that plaintiff's objections to the report and recommendation are overruled.  It is further ordered that the report and recommendation of United States Magistrate Judge John M. Roper be, and the same is hereby, adopted as the finding of the court.  It follows then that plaintiff's motion for summary judgment is denied and defendant's motion to affirm is granted, such that the action will be dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 12th day of August, 2014.


                     /s/ Tom S. Lee_____
                     UNITED STATES DISTRICT JUDGE